Filed 2/8/23  In re J.S. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re J.S., a Person Coming Under the Juvenile Court Law. _____ | B316913 |
| THE PEOPLE, | Los Angeles County Super. Ct. No. TJ23071 |
| Plaintiff and Respondent, | |
| v. | |
| J.S., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Melissa N. Widdifield, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Kathy S. Pomerantz, Deputy Attorney General, for Plaintiff and Respondent.

———————————

A juvenile court committed J.S. to the Division of Juvenile Justice for murdering Alvaro Castro.  As the prosecution concedes, legislative changes made J.S. ineligible for commitment to the Division.  We reverse the commitment and remand for a new disposition hearing.  We otherwise affirm the judgment.

The Legislature is closing the Division on June 30, 2023 and is shifting responsibility for youth like J.S. to county governments.  (Welf. & Inst. Code, § 736.5, subds. (a) & (e).)  Beginning July 1, 2021, courts could not commit youth to the Division, absent an exception.  (*Id.*, subd. (b).)  The exception applies to youth "otherwise eligible to be committed under existing law and in whose case [the prosecution filed] a motion to transfer the minor from juvenile court to a court of criminal jurisdiction."  (*Id.*, subd. (c).)

J.S. argues, the prosecution concedes, and we agree, that the exception does not apply to J.S.  The court ordered J.S. committed to the Division on November 2, 2021 based on a petition the prosecution filed on August 9, 2021.  The prosecution never moved to transfer the case of this August 2021 juvenile petition to criminal court.

An earlier petition does not justify J.S.'s commitment.  On May 1, 2019, the prosecution filed a petition involving the same murder and filed a motion to transfer the case for *that petition* to

2

a court of criminal jurisdiction.  Later, the juvenile court granted the prosecution's requests to withdraw that motion and to dismiss the May 2019 petition without prejudice because the prosecution was unable to proceed.  The August 2021 petition did not extend the earlier proceeding but initiated a new proceeding. (See *People v. Superior Court (Olivo)* (2019) 36 Cal.App.5th 942, 949 [dismissal terminates a case and refiling begins a new case].) The motion to transfer from the old case did not apply to the new one.

The court should not have committed J.S. to the Division.

J.S. asks us to review sealed transcripts of two ex parte communications the court had with a trial witness.  We may review the sealed transcripts.  (See, e.g., *People v. Anderson* (2018) 5 Cal.5th 372, 391.)

The juvenile court properly conveyed the substance of its administrative ex parte communications and the communications did not advantage any party.  (See Cal. Code Jud. Ethics, canon 3B(7)(b).)  The court described the two communications on the record.  One instance was to see if the witness, who was testifying under an immunity agreement, consented to a particular juvenile court lawyer representing her.  The second instance was to tell the witness about her lawyer's scheduling conflict.  We have reviewed the sealed transcripts, which are consistent with the court's representations.  The communications were administrative, not about substantive matters of J.S.'s case. Neither the defense nor the prosecution was present.  The communications conferred no procedural or tactical advantage to any party.  There was no error or prejudice.
///

## DISPOSITION

The judgment is reversed as to J.S.'s commitment to the Division of Juvenile Justice. The matter is remanded to the juvenile court to conduct a new disposition hearing consistent with this opinion. The judgment is otherwise affirmed.


WILEY, J.


We concur:


GRIMES, Acting P. J.


VIRAMONTES, J.